STELLA ROWY *vs.* COSIMO F. MAINELLA *et al.*

MAY 8, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is an action for deceit based upon false warranties in connection with the sale of real estate. In the superior court the action was discontinued as to the defendant Domenico DeCristofaro, because of his death, and it was tried against the other two defendants, Cosimo F. Mainella and Henry J. Belec.   At the close of the evidence for the plaintiff the trial justice granted the defendants'

motion for a nonsuit of the plaintiff; and the case is before us upon the plaintiff's bill of exceptions to such ruling and other rulings upon evidence made during the trial.

The evidence showed that the defendants, Mainella and Belec, were respectively president and treasurer of the Biltmore Land Co., Inc., which owned two lots of land situated in Cumberland; that on August 12, 1925 the owner, acting through these defendants as its officers, executed an agreement to sell said lots to the plaintiff Stella Rowy for the purchase price of $850, payable $100 down and the balance at the rate of $10 per month; and that the plaintiff signed this agreement to purchase these lots and was to obtain a deed thereto in accordance with the terms thereof.

This agreement contained the following covenant by the vendor: "And for the consideration aforesaid it is further mutually agreed by and between the parties hereto: "First: That upon the full payment of the principal sum, and interest as herein provided, said premises shall be conveyed to said purchaser by warranty deed subject only to restrictions of record." Monthly payments under this contract were made by plaintiff's husband but receipts therefor were always given in the name of the plaintiff herself.

There was also evidence that on October 3, 1927, the balance in full under the contract was $120.29, which included taxes for the year 1927. This amount, less a discount of $25.29, by agreement with the officers of the vendor corporation, was paid by plaintiff's husband before it was due; and the receipt therefor was made out as usual in plaintiff's name. Across the face and also on the other side of the agreement was written in ink the following: "Deeded Oct. 3/27".

The deed to these lots was actually delivered to the plaintiff Stella Rowy on October 3, 1927. The grantor therein was the Providence Land Co., Inc., a corporation which

had succeeded the Biltmore Land Co., Inc., having substantially the same officers as that corporation. Defendants Mainella and Belec, as officers of the vendor, signed the original agreement for the sale and deed; and DeCristofaro and Mainella, as officers of the grantor corporation, signed the deed. Both of these defendants also orally represented to the plaintiff and her husband that the title was clear and that it was safe to build a house on the lots in accordance with their previously-disclosed intention.

The deed warranted the title to be free and clear of all encumbrances, being subject only to certain restrictions of record, which were identical with those stated in the agreement. No mention of any existing mortgage on the land was made in either the agreement or the deed. The evidence also shows that these lots were included under a blanket mortgage made by Biltmore Land Co., Inc., dated July 20, 1925, which was foreclosed on May 26, 1931, thus wiping out the plaintiff's title. The plaintiff knew nothing of the existence of any mortgage or of any unpaid taxes until after the foreclosure. Although taxes for the year 1927 were paid to the vendor by plaintiff's husband, they were not paid by the vendor to the town, and these were added to the default in payment of mortgage interest for which the mortgage was foreclosed.

The trial justice excluded the plaintiff's offer to prove that the $100 down payment, on the execution of the agreement for sale, was made from a bank account in which she and her husband owned joint interests. He also excluded the plaintiff's offer to show that all of the other payments under the contract, although made by plaintiff's husband, were nevertheless made for and on behalf of her. The trial justice then granted the defendants' motion for a nonsuit of plaintiff on the narrow ground, in substance, that there was no evidence that the plaintiff had taken any action as a result of the false representations contained in the deed.

In effect, he restricted the proof and also his ruling solely to the deed and the date when it was actually delivered, and to the amount of the last payment.

In thus restricting the evidence and ruling, we think he was in error. The plaintiff was induced to execute the contract of sale by the vendor's representations that a warranty deed conveying title free of encumbrances would be delivered upon the payment of a total sum of $850. A warranty deed, plainly purporting to be a consummation of that contract, was actually delivered and the agreement marked "Deeded Oct. 3/27". In our opinion the transaction, by the terms of the contract and conduct of the parties thereto, and of these defendants, constituted an entire contract. The consideration of that contract was not merely the last payment, when the deed was delivered, but was the payment of the total sum in accordance with the terms and covenants of the contract, which called for delivery of such a deed.

These representations in the installment contract, which induced the plaintiff to execute it, were continuing ones which became false and actionable at the time of the delivery of the deed. Any other construction would seem to be contrary to the holding that is implicit in *Piche* v. *Robbins*, 24 R. I. 325, which concerned a similar contract and deceit. On the above view, the trial justice erred in treating the deed as separate from the installment contract; and in rejecting the plaintiff's offers to prove that she had a real interest and that the other payments under the contract were made by her husband for her and on her behalf under her contract; and therefore that she had suffered a loss.

If this and all the other evidence, together with the reasonable inferences therefrom, be considered from the viewpoint most favorable to the plaintiff, as we must upon a

motion for a nonsuit, the jury might reasonably infer that the husband's payments were gifts or advancements to the plaintiff, or otherwise made on her behalf, so far as these defendants were concerned. The evidence shows that, with the exception of the first $100, the payments by the husband were made from his own money. It does *not* appear, however, that such payments were not intended by him as gifts or advancements to and for the benefit of his wife. In the absence of any other testimony to the contrary, and particularly in view of the plaintiff's offers to prove that the payments were made on her behalf, and that receipts for all payments were made in her name, there was at least a *prima facie* case made out which required the defendants to go forward with their evidence.

Since the other material questions relating to liability were conceded by defendants before us, we are of the opinion that the trial justice erred in granting the defendants' motion for a nonsuit.

Plaintiff's first, second and fifth exceptions are sustained, the other exceptions are overruled, and the case is remitted to the superior court for a new trial.

*Fergus J. McOsker,* for plaintiff.

*J. Raymond Dubee,* for defendant Henry J. Belec.

*Alfred H. O. Boudreau,* for defendant Cosimo F. Mainella.